**Chuck EVANS, Plaintiff–Appellant,**

v.

**FRANKLIN COUNTY COURT OF COMMON PLEAS, DIVISION OF DOMESTIC RELATIONS, Defendant–Appellee.**

No. 02–3208.

United States Court of Appeals, Sixth Circuit.

May 28, 2003.

Before RYAN and BATCHELDER, Circuit Judges; and TARNOW, District Judge.[*]

### ORDER

This is an appeal from a district court judgment dismissing a civil complaint seeking relief on the authority of the Declaratory Judgment Act, 28 U.S.C. § 2201. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2001, Ohio citizen Charles Evans filed an action for a declaratory judgment directed to certain Ohio state court procedures as well as specific acts and decisions of a duly constituted Ohio domestic relations court. The matter was referred to a magistrate judge who recommended that the complaint should be dismissed. The district court adopted this recommendation, over Evans's objections, and this appeal followed.

The district court concluded that Evans did not state a claim for declaratory relief due to res judicata and the *Rooker/Feldman* doctrine (after *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923)). Jurisdiction under the Declaratory Judgment Act is discretionary. *Found. for Interior Design Educ. Research v. Savannah Coll. of Art & Design,* 244 F.3d 521, 526 (6th Cir.2001). An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). An examination of record and law shows that the judgment on appeal was not the product of a mistake.

Evans and his former spouse filed divorce proceedings against one another in 1996 in an Ohio domestic relations court. The initial, frequently acrimonious, domestic relations court proceedings culminated in a 1998 decision to award permanent custody of Evans's minor child (along with an appropriate support order) to the child's mother. Evans unsuccessfully sought to overturn this decision in Ohio state court on direct appeal and with a writ of habeas corpus. In addition, Evans filed an unsuccessful federal civil rights complaint for monetary damages, a declaratory judgment and injunctive relief against his ex-spouse, her attorney, and virtually every Ohio judicial officer and employee involved in the divorce. *See Evans v. Yarbrough,* No. 00–3588, 2000 WL 1871706 (6th Cir. Dec. 13, 2000) (order), *cert. denied,* 532 U.S. 1020, 121 S.Ct. 1960, 149 L.Ed.2d 755 (2001).

---

[*] The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

Undaunted, Evans filed an action in 2001 in federal court for a declaratory judgment against the Ohio domestic relations court that issued the divorce/custody decree. Evans raised general challenges to certain Ohio statutes and rules of procedure in domestic relations cases. Evans also asked specifically for declarations that would have effectively overturned the results of the Ohio domestic relations court's divorce/custody decisions. The matter was referred to a magistrate judge who concluded that, as the claims raised and the relief requested could have been brought in Evans's previous federal civil rights action, the complaint should be dismissed on grounds of res judicata. The district court adopted this recommendation, over Evans's objections, while also holding that application of the *Rooker–Feldman* doctrine (federal district court may not hear an appeal of a case already litigated in state court) compelled the dismissal of Evans's complaint as he was seeking, in effect, direct federal district court review of a state court decision.

The district court's decision declining to issue the declaratory relief requested is supported in law. The Declaratory Judgment Act "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291 (1952). It is entirely proper for a district court to consider the equities of any situation before issuing a declaratory, *Samuels v. Mackell*, 401 U.S. 66, 73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), and to have the ultimate decision to be guided by "the teachings and experience concerning the functions and extent of federal judicial power." *Wycoff*, 344 U.S. at 243.

The equities of the present situation are clear. Evans has mounted exhaustive (if unsuccessful) challenges to the legality of the divorce/custody proceedings under Ohio law and the United States Constitution. Evans's present request for a declaratory judgment, couched in general constitutional challenges and specific requests amounting to a "super appeal" of the state court judgment, is yet another patent attempt to overturn the results of the adverse domestic relations decisions. This reality, standing alone, would provide ample support for the district court's decision under the general "consider the equities" directive of *Samuels*. In addition, to the extent Evans raises general constitutional challenges to Ohio law that could have been raised in his earlier federal litigation, he is estopped from doing so. *See, e.g., Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898(1948) (claim preclusion bars parties from re-litigating issues that could have been raised in an earlier action). The district court also properly noted that application of the *Rooker–Feldman* doctrine precludes consideration of specific declarations having the effect of overturning the decision of the Ohio domestic relations court. Finally, at least three judges of this court have already concluded that Evans's strident complaints of being "railroaded" by the Ohio domestic relations proceedings are without foundation. *See Evans v. Yarbrough*, 2000 WL 1871706 at *3.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.